## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **MARK A. CANTU** | § | |
|    **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:23-cv-00014** |
| | § | |
| **BECK REDDEN LLP** | § | |
|    **Defendant** | § | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO BECK REDDEN LLP'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS [Doc. 29]

**THE KASSAB LAW FIRM**

Lance Christopher Kassab
(Attorney in Charge)
Texas State Bar No. 00794070
Federal Bar No. 433516
lance@kassab.law
David Eric Kassab
Texas State Bar No. 24071351
Federal Bar No. 1561652
david@kassab.law
1214 Elgin Street
Houston, Texas 77004
Telephone: 713-522-7400
Facsimile: 713-522-7410

**ATTORNEYS FOR PLAINTIFF**
**MARK A. CANTU**

## TABLE OF CONTENTS

Table of Contents ...................................................................................... i

Index of Authorities ................................................................................. ii

Index of Exhibits ...................................................................................... v

Requested Relief ...................................................................................... 1

Nature and Stage of Proceeding............................................................... 2

Issues and Governing Law ........................................................................ 5

Argument .................................................................................................. 6

    I.   Beck Redden has failed to negate causation ................................. 6

        A.   Cantu has two theories of causation: one based on trial court malpractice and the other based on appellate malpractice.............. 6

        B.   Beck Redden has failed to negate Cantu's theory of causation related to the trial court malpractice ................................... 7

        C.   Beck Redden utterly ignores (and thus fails to negate) the merits complaint component of Cantu's appellate malpractice claim ................................................................................... 9

        D.   Beck Redden has failed to negate the jurisdictional complaint component of Cantu's appellate malpractice claim because the appellate briefing demonstrates that the appeal would have been successful had it been timely filed ................................. 10

    II.  Cantu's theory of causation comports with Texas law, and this Court's decision cannot be used to demonstrate what a hypothetical jury would have done................................................................... 13

Conclusion and Prayer ........................................................................... 17

Certificate of Service.............................................................................. 18

## Index of Authorities

**Cases**                                                               **Page(s)**

*Alexander v. Turtur & Assocs.*,
146 S.W.3d 113 (Tex. 2004) ................................................................ 16

*Anderson v. Liberty Lobby, Inc.*,
477 U.S 249-50 (1986) ........................................................................ 6

*Ayre v. J.D. Bucky Allshouse, P.C.*,
942 S.W.2d 24 (Tex. App. – Houston [14th Dist.] 1996, writ denied) ................. 16

*Brown Sims, P.C. v. L.W. Matteson, Inc.*,
594 S.W.3d 573 (Tex. App.—San Antonio 2019, no pet.) ..................................... 14

*Buffington v. Sharp*,
440 S.W.3d 677 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) .............. 8, 9

*Byrd v. Woodruff*,
891 S.W.2d 689, 699 (Tex. App.—Dallas 1994, writ dism'd by agr.) ................... 16

*Colonial Freight Sys. v. Adams & Reese, L.L.P.*,
524 F. App'x 142 (5th Cir. 2013) ............................................................ 13, 14, 16

*Cooper Tire & Rubber Co. v. Farese, Farese & Farese Prof. Ass'n*,
423 F.3d 454 (5th Cir. 2005) ................................................................... 5

*Deauville Assocs., Inc.*,
181 F.2d 5 (5th Cir. 1950) ............................................................... 10, 11

*Elizondo v. Krist*,
415 S.W.3d 259 (Tex. 2013) .......................................................... 14

*Energy Mgmt. Servs., LLC v. City of Alexandria*,
739 F.3d 255 (5th Cir. 2014) ............................................................... 11

*Harrison v. Gemdrill Int'l, Inc.*,
981 S.W.2d 714 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ............ 16, 17

*Marteny v. Coon*,
No. 09-19-00019-CV, 2020 Tex. App. LEXIS 7702,
(Tex. App.—Beaumont Sep. 24, 2020, no pet.) ...................................... 8

*Millhouse v. Wiesenthal,*
    775 S.W.2d 626 (Tex. 1989) ........................................................................ 7, 9, 13

*Ortiz v. Olandapo-Jimoh,*
    No. 01-21-00144-CV, 2022 Tex. App. LEXIS 6487
    (Tex. App.—Houston [1st Dist.] Aug. 30, 2022, no pet. h.)................................... 7

*Rodriguez v. Womack,*
    No. 14-10-01213-CV, 2012 Tex. App. LEXIS 49,
    (Tex. App.—Houston [14th Dist.] Jan. 5, 2012, pet. denied) ............................... 17

*Rogers v. Zanetti,*
    518 S.W.3d 394 (Tex. 2017) ......................................................................... 14, 16

*Silvio v. Ostrom,*
    No. 01-11-00293-CV, 2013 Tex. App. LEXIS 14238,
    (Tex. App.—Houston [1st Dist.] Nov. 21, 2013, no pet.)................................... 8, 16

*Singh v. Duane Morris LLP,*
    538 F.3d 334 (5th Cir. 2008) ............................................................................... 5

*Starwood Mgmt., LLC v. Swaim,*
    530 S.W.3d 673 (Tex. 2017) ......................................................................... 14, 16

*Syngenta Crop Protection, Inc. v. Henson,*
    537 U.S. 28 (2002) ............................................................................................ 11

*Teague v. St. Paul Fire & Marine Ins. Co.,*
    10 So. 3d 806 (La. Ct. App. 2009) ........................................................... 13, 14, 16

*TIG Ins. Co. v. James,*
    276 F.3d 759 (5th Cir. 2002) ............................................................................... 5

*USA Lending Grp., Inc. v. Winstead PC,*
    669 S.W.3d 195 (Tex. 2023) ............................................................................. 15

*Villareal v. Brown Express, Inc.,*
    529 F.2d 1219 (5th Cir.) ............................................................................. 10, 11

*Webb v. Ellis,*
    No. 05-19-00673-CV, 2020 Tex. App. LEXIS 3527,
    (Tex. App.—Dallas Apr. 27, 2020, pet. dism'd) ...................................................... 7

iii

*Winstead PC v. USA Lending Grp., Inc.*,
   664 S.W.3d 384 (Tex. App.—Tyler 2021) ............................................................ 15

*Young v. Dwayne R. Day, P.C.*,
   No. 01-16-00325-CV, 2018 Tex. App. LEXIS 2159,
   (Tex. App.—Houston [1st Dist.] Mar. 27, 2018, pet. denied)................................ 8

**Statutes**

United States Code 28

   § 455 (a)(b)(1) ....................................................................................................... 4

**Rules**

Federal Rule of Civil Procedure

   8(a)(2) ................................................................................................................... 5

   12(b)(6) ................................................................................................................. 5

   56(e)....................................................................................................................... 6

### INDEX OF EXHIBITS

Exhibit 1 ........................................................................ Second Amended Bill of Review

Exhibit 2 ........................................... Judge Crane's Order Denying Motion to Remand

Exhibit 3 ............................................................................... Motion to Remand

Exhibit 4 ........................................................ Reply in Support of Motion to Remand

Exhibit 5 ................................................................... March 8, 2023 Transcript

Exhibit 6 ................................................................................ Beck Redden Invoices

Exhibit 7 ........................................................ Petition for Rehearing En Banc (5th Cir.)

Exhibit 8 ................................................ Authenticating Affidavit of David Eric Kassab

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Subject to his Motion to Remand [Doc. 7], Plaintiff, Mark A. Cantu files this Response in Opposition to Defendant Beck Redden's Motion for Summary Judgment on All Claims [Doc. 29] and would respectfully show the following.

## REQUESTED RELIEF

This Court lacks jurisdiction over these purely state-law claims, and Plaintiff Mark A. Cantu asks the Court to reconsider its ruling denying Cantu's motion to remand.[1] To the extent the Court declines reconsideration, the Court should deny Defendant Beck Redden, LLP's Motion for Summary Judgment on All Claims [Doc. 29] because Beck Redden has failed to negate causation as a matter of law.  First, Beck Redden has failed to negate Cantu's theory of causation related to trial malpractice because that claim requires expert testimony, which Beck Redden fails to provide. Second, Beck Redden has failed to negate causation with respect to Cantu's appellate malpractice claim because Beck Redden either ignores aspects of that claim or because the evidence demonstrates that the appeal would have been successful had it been timely filed. Third, Cantu's theory of causation is not speculative and complies with Texas law, and this Court's decision cannot be used to demonstrate what a hypothetical jury would have done but for the malpractice. Having failed to negate at least one element of Cantu's legal malpractice claim, Beck Redden is not entitled to summary judgment (or judgment on the pleadings, to the extent the Court concludes Beck Redden's request is properly classified as such).

---

[1] *See* March 8, 2023 Minute Entry denying motion to remand.

## NATURE AND STAGE OF PROCEEDING

This is a legal malpractice case. *See* Doc. 1-5 ¶¶ 2-3, 18-20. Cantu hired Beck Redden to represent him in an underlying bill of review proceeding. *Id.* at ¶¶ 7-8. In the bill of review case, Cantu sought to set aside a $1.6 million judgment that a state district court had entered in favor of Guerra & Moore, Ltd., LLP ("Guerra & Moore") against Cantu in an earlier suit in which Guerra & Moore alleged that Cantu had tortiously interfered with a Guerra & Moore client. *Id.* at ¶¶ 7-10; Exhibit 1 (second amended bill of review). After obtaining the $1.6 million judgment, Guerra & Moore sued Cantu for alleged post-judgment asset transfers in federal court, styled No. 7:11-cv-299, United States District Court for the Southern District of Texas, McAllen Division (Crane, J.). *Id.* at ¶ 11. In the bill of review proceeding, Beck Redden, on behalf of Cantu, not only sought to set aside the $1.6 million judgment, but also negligently added an application for temporary injunction to maintain the status quo from the last peaceable status, which Beck Redden alleged necessitated the return of Cantu's assets and a restriction on Guerra & Moore from additional collection activities. *Id.* at ¶ 12; Exhibit 1 (second amended bill of review).

Guerra & Moore responded by removing the state court bill of review action to the Hidalgo County federal court case. *Id.* at ¶ 13. Guerra & Moore argued that this Court had assumed jurisdiction over a piece of Cantu's property located in Hidalgo County, Texas, and that the "sole purpose" of the bill of review action was to defeat that jurisdiction. *Id.* Beck Redden filed a motion for remand, arguing (correctly) that Guerra & Moore's notice of removal contained "fatal defects" and removal was

improper because the bill of review could not have been originally filed in federal court and did not raise a federal question. *Id.*; Exhibit 3 (motion to remand); Exhibit 4 (reply in support of motion to remand). Judge Crane rejected those arguments and denied Cantu's motion to remand, concluding that federal question jurisdiction existed solely because of the request for injunctive relief. Exhibit 2 (order denying motion to remand).

After a seven-day bench trial, Judge Crane ruled against Cantu and determined that Cantu had failed to establish a right to a bill of review. Doc. 1-5 at ¶ 14. The Court reasoned that the evidence "consisted of conflicting, recanted and unpersuasive testimony of witnesses with poor memories and significant biases" that Judge Crane personally did not find credible. *Id.*

Although Cantu had a meritorious appeal based on the federal court's erroneous assumption of jurisdiction and error relating to the decision on the merits, Beck Redden failed to timely file a notice of appeal. *Id.* at ¶ 15. Instead, Beck Redden negligently advised Cantu that an appeal did not need to be filed until 30 days following the federal court's entry of an official final judgment. Cantu relied on that advice and did not immediately file a notice of appeal. *Id.*

On December 12, 2022, Cantu filed suit against Beck Redden in the 93rd Judicial District Court of Hidalgo County, Texas. *See* Doc. 1-5. Cantu alleges that Beck Redden committed negligence by:

> (1) erroneously pleading Cantu's purely state-court action into federal court by asserting a claim for injunctive relief over property that was the subject of a federal court order; (2) agreeing to waive Plaintiff's right to a jury trial once in federal court; and (3) failing to timely file Plaintiff's

> notice of appeal or providing Plaintiff with erroneous advice concerning
> the deadline to file the notice of appeal.

*Id.* at ¶ 18. Cantu alleges that because of Beck Redden's negligence, "the merit of [his] appeal was never considered." *Id.* at ¶ 19. Had it been, Cantu alleges, "the judgment of the federal court would have been reversed, either because it lacked jurisdiction or because the federal court erred in reaching its decision on the merits." *Id.* Alternatively, Cantu alleges that he "would have never been put in that position had Beck Redden not pled the bill of review action into federal court by asserting the request for injunctive relief and then waiving Cantu's right to a jury trial once in federal court." *Id.*

Beck Redden removed this legal malpractice case to the United States District Court for the Southern District of Texas, McAllen Division, alleging federal question jurisdiction. *See* Doc. 1. Thereafter, Judge Micaela Alvarez entered a recusal order and reassigned this case to the Honorable Randy Crane. *See* Doc 3. Cantu moved to disqualify Judge Crane pursuant to 28 U.S.C. 455(a) and (b)(1), alleging his impartiality might reasonably be questioned because he has personal knowledge of evidentiary facts concerning the proceeding. Doc. 6. Judge Crane subsequently entered an order of recusal. Doc. 11. This case was then assigned to this Honorable Judge. Doc. 12.

Meanwhile, Cantu filed a motion to remand for lack of subject matter jurisdiction, alleging this Court lacks subject matter jurisdiction over these purely state law legal malpractice claims. Doc. 7 (citing *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (exclusive federal jurisdiction does not lie over state legal malpractice claims

4

arising from federal patent proceedings)  and *Singh v. Duane Morris LLP*, 538 F.3d 334 (5th Cir. 2008) (granting remand because federal jurisdiction "does not extend to malpractice claims involving trademark suits like this one.")). The Court agreed that *Singh* controlled, but nonetheless denied Cantu's motion to remand. Exhibit 5 (transcript), at 13-15.

Beck Redden requested dismissal under Rule 12(b)(6), arguing that Cantu's complaint failed to meet the plausibility requirements of Rule 8(a)(2) because Cantu could not establish causation as a matter of law. *See* Doc. 5 at 1. The Court denied that motion without prejudice. *See* April 4, 2023 Minute Entry.

Beck Redden has now filed the instant traditional motion for summary judgment pursuant to Rule 56, making virtually identical arguments. For the reasons stated herein, summary judgement should be denied.

### ISSUES AND GOVERNING LAW

The issue is whether Beck Redden has conclusively negated the causation element of Cantu's legal malpractice claim, thus entitling it to summary judgment. A district court's ruling on summary judgment is reviewed de novo. *See Cooper Tire & Rubber Co. v. Farese, Farese & Farese Prof. Ass'n*, 423 F.3d 446, 454 (5th Cir. 2005). "Summary judgment is appropriate only if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' when viewed in the light most favorable to the non-movant, 'show that there is no genuine issue as to any material fact.'" *TIG Ins. Co. v. James*, 276 F.3d 754, 759 (5th Cir. 2002)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* "The court must draw all justifiable inferences in favor of the non-moving party." *Id.* Only if the moving party has demonstrated that there is an absence of evidence to support the non-moving party's cause, is the non-movant required to come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing FED. R. CIV. P. 56(e)).

## ARGUMENT

## I.   Beck Redden has failed to negate causation.

### A.   Cantu has two theories of causation: one based on trial court malpractice and the other based on appellate malpractice.

Cantu has two theories of causation in this case. The first involves trial malpractice. Cantu alleges that he would have never been put in the position challenging the federal court's jurisdiction "had Beck Redden not pled the bill of review action into federal court by asserting the request for injunctive relief" over "property that was the subject of a federal court order." Doc. 1-5 at ¶¶ 18-19. The second involves appellate malpractice. Cantu alleges he had "a meritorious appeal based on the federal court's erroneous assumption of jurisdiction and error relating to the decision on the merits" and, had the appeal been considered on the merits, "the judgment of the federal court would have been reversed, either because it lacked jurisdiction or because the federal court erred in reaching its decision on the merits." Doc. 1-5 at ¶¶ 15, 19. Under either scenario, Cantu alleges that his bill of review

action would have proceeded in state court and "would have been successful" with the $1.6 million judgment being set aside. *Id.* at ¶ 19.

**B.    Beck Redden has failed to negate Cantu's theory of causation related to trial court malpractice.**

Beck Redden attempts to negate causation, arguing that because the malpractice occurred "in connection with an appeal," suit-within-a-suit causation "must be decided as a matter of law by the Court – not by a jury." Doc. 29 at 5 (citing *Millhouse v. Wiesenthal*, 775 S.W.2d 626, 627 (Tex. 1989)). That may be true with respect to the causation theory premised on Beck Redden's failure to file the notice of appeal, but it is not true with respect to Cantu's second theory relating to Beck Redden "erroneously pleading Cantu's purely state-court action into federal court by asserting a claim for injunctive relief over property that was the subject of a federal court order[.]" Doc. 1-5 ¶¶ 18. That error by Beck Redden occurred in the state trial court, not in the federal court, and not in any appeal. *Id.* at ¶ 12. Because that second theory of causation does not involve "appellate malpractice," it must be decided by the jury, not this Court as a matter of law. *See Webb v. Ellis*, No. 05-19-00673-CV, 2020 Tex. App. LEXIS 3527, at *26 (Tex. App.—Dallas Apr. 27, 2020, pet. dism'd) (mem. op.) (declining to apply *Millhouse* because client was "not complaining about an attorney's professional negligence in handling an appeal").

Because the second theory of causation cannot be decided as a matter of law, Beck Redden was required to present expert testimony to negate that element. *See Ortiz v. Olandapo-Jimoh*, No. 01-21-00144-CV, 2022 Tex. App. LEXIS 6487, at *12 (Tex. App.—Houston [1st Dist.] Aug. 30, 2022, no pet. h.) (mem. op.) ("Because

standard of care, breach of the standard of care, and causation require expert testimony in this case, to negate those elements, the [defendants] as traditional summary judgment movants needed expert testimony to conclusively prove that they did not breach the standard of care or cause [the client's] injuries."); *Marteny v. Coon*, No. 09-19-00019-CV, 2020 Tex. App. LEXIS 7702, at *14 (Tex. App.—Beaumont Sep. 24, 2020, no pet.) (applying rule that in legal malpractice case, traditional summary judgment movant needs expert testimony to carry burden and negate elements of malpractice claim); *Young v. Dwayne R. Day, P.C.*, No. 01-16-00325-CV, 2018 Tex. App. LEXIS 2159, at *26-27 (Tex. App.—Houston [1st Dist.] Mar. 27, 2018, pet. denied) (mem. op.) (same).

Because Beck Redden failed to present expert testimony with respect to Cantu's second theory of causation, it has failed to demonstrate, as a matter of law, that Beck Redden's negligence in making the injunctive relief claim was the proximate cause of the bill of review case being usurped by the federal court where it was ultimately tried without a jury and lost. Accordingly, summary judgment is improper. *See Marteny*, 2020 Tex. App. LEXIS 7702, at *14 (reversing summary judgment because attorneys "provided no expert testimony supporting its contention" that their actions were not the cause of the client's damages); *Silvio v. Ostrom*, No. 01-11-00293-CV, 2013 Tex. App. LEXIS 14238, at *8 (Tex. App.—Houston [1st Dist.] Nov. 21, 2013, no pet.) (attorney's "bare assertions that [the client] would have lost anyway do not constitute summary judgment proof and cannot support their motion for summary judgment."); *Buffington v. Sharp*, 440 S.W.3d 677, 684 (Tex. App.—

Houston [14th Dist.] 2012, pet. denied) (attorney's traditional motion for summary judgment failed to include expert testimony and therefore "failed to conclusively negate any of the essential elements of [the client's] claim").

### C. Beck Redden utterly ignores (and thus fails to negate) the merits complaint component of Cantu's appellate malpractice claim.

In attempting to negate Cantu's appellate malpractice theory of causation, Beck Redden alleges that "the only ground of appeal actually asserted by Cantu was that this Court erred in exercising jurisdiction over the case." Doc. 29 at 6. But the failure to challenge the merits of the federal court's decision was caused by Beck Redden, who represented Cantu with respect to the appeal. *See* Doc. 1-5 ¶¶ 15, 18; Exhibit 6 (invoices reflecting appellate work by Beck Redden). Cantu alleges that the appeal, had it been properly prosecuted, would have caused the decision of the federal court to be reversed because the "federal court erred in reaching its decision on the merits." Doc. 1-5 ¶¶ 15, 19. On traditional summary judgment, it is Beck Redden's burden to negate this theory by establishing why no error occurred and why a hypothetical appeal on the merits would not have been successful. *See* FED. R. CIV. P. 56(a) (requiring the movant to show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *Millhouse*, 775 S.W.2d at 627 (discussing what is necessary to demonstrate causation in appellate malpractice claim, which would apply equally to negating causation). Beck Redden failed to do that here. Rather, its entire argument is focused on why the

9

appeal relating to the jurisdictional argument would have failed. Doc. 29 at 6-11. Accordingly, summary judgment is improper.

> **D.   Beck Redden has failed to negate the jurisdictional complaint component of Cantu's appellate malpractice claim because the appellate briefing demonstrates that the appeal would have been successful had it been timely filed.**

As to the jurisdictional component of the appeal, Beck Redden argues that the appeal would have been unsuccessful even if it had been timely filed because the federal court properly exercised jurisdiction over the bill of review case. Doc. 29 at 7. That position is, of course, completely contrary to the position taken by Beck Redden in the underlying case, and wholly incorrect.

Beck Redden argues in this case that Cantu's appeal would have been unsuccessful because the federal court properly exercised jurisdiction over Cantu's bill of review claim. Doc. 29 at 7. Relying on the claim for injunctive relief that Beck Redden negligently asserted on behalf of Cantu in the state court and the Fifth Circuit cases *Villareal v. Brown Express, Inc.*, 529 F.2d 1219 (5th Cir.) and *Deauville Assocs., Inc.*, 181 F.2d 5 (5th Cir. 1950), Beck Redden argues here that general federal question jurisdiction is appropriate when a state-court lawsuit seeks to circumvent orders of a federal court because "a federal district court is empowered to protect its jurisdiction." *Id.* at 8.

In the underlying case, however, Beck Redden took the opposite position: "Cantu's bill of review does not raise a federal question on its face or otherwise invoke the original jurisdiction of the federal courts dispositive requirements for removal

jurisdiction." Ex. 4 at 4. Beck Redden correctly argued in the underlying case that the "Fifth Circuit opinions from 1950 and 1976 [*Villareal* and *Deauville*] have been overruled by the Supreme Court." Ex. 4, at 2 (citing *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34 (2002)). Thus, "[t]he Fifth Circuit has called into doubt this line of cases that once carved out this exception to the original-jurisdiction requirement of section 1441." Ex. 4 at 3 (citing *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 261 (5th Cir. 2014) (internal quotations and brackets omitted). Therefore, Beck Redden correctly argued, "the federal court lacks subject matter jurisdiction over the case." Ex. 4 at 4; *see also* Ex. 3, at 6-8 (discussing how "Guerra & Moore cannot meet its burden to establish removal jurisdiction because the bill of review could not have originally been filed in federal court.").

In this case, Beck Redden also argues that the federal court's assumption of jurisdiction was proper under "related-to" jurisdiction "because the companion case in which the [federal court] entered its order disposing of the property in question was itself 'related to' Cantu's bankruptcy case." Doc. 29 at 8. In the underlying case, however, Beck Redden took the opposite position: "section 1334 does not afford jurisdiction for a case 'related to' a case that is itself 'related to cases under title 11.'" Ex. 4 at 7. Beck Redden correctly argued "Guerra & Moore bases its jurisdictional argument on a level of attenuation unrecognized by the statute upon which jurisdiction is supposedly based." Ex. 3 at 9.

In this case, Beck Redden argues that federal jurisdiction was proper because "the notice of removal was timely" since it was filed within thirty days after Beck

11

Redden filed the pleading that included the claim for injunctive relief. Doc 29 at 9. But Beck Redden took an opposite position in the underlying case, arguing correctly that the notice of removal was "untimely under section 1446" because it was not filed within 30 days from the date of the original petition in the bill of review case which requested from Guerra & Moore "of all money and/or benefits they ha[d] received as a result of the judgment." Ex. 3, at 5-6.

In this case, Beck Redden argues that the requirements for mandatory abstention did not exist. Doc. 29 at 10-11. But Beck Redden took an opposite position in the underlying case, arguing correctly that Cantu "satisfies every factor" for mandatory abstention because (1) the motion requesting abstention was timely, (2) "a bill of review is a Texas state law cause of action," (3) "the claim is clearly not a core proceeding and was removed presumably under "related to" jurisdiction," (4) "jurisdiction was exclusive in Texas state district court," (5) "an action has commenced, as Cantu was the party who filed this bill of review," and (6) "there is no reason to believe that the state court could not timely adjudicate the bill of review, should the court be allowed to proceed to trial." Ex. 3 at 10-11.

The earlier positions taken by Beck Redden were correct. As demonstrated in Cantu's appellate briefing, the federal court erred when it assumed jurisdiction over Cantu's bill of review claim and, had the appeal been considered, the Fifth Circuit would have reversed. *See* Doc. 29-1; Doc. 29-4.  In the motion to remand, Beck Redden detailed why Cantu's appeal would have been successful, arguing that (1) Guerra & Moore's notice of removal contained fatal defects, (2) that the bill of review could not

12

have been originally brought in federal court, (3) no federal question jurisdiction exists, (4) no related to jurisdiction exists, and (5) abstention was appropriate. Ex. 3 (motion to remand), at 5-11. Cantu urged those same arguments on appeal to the Fifth Circuit when he argued that this Court "erred in denying the motion to remand." Doc. 29-1 (appellant's brief); Doc. 29-4 (reply brief). Beck Redden acknowledged that Cantu's appeal "deserves an opinion on the merits." Ex. 7 (petition for rehearing en banc), at iii. Cantu's appellate briefing demonstrates that, had the appeal been considered on the merits, the Fifth Circuit would have reversed the federal court and concluded it lacked jurisdiction over the bill of review case. *Millhouse*, 775 S.W.2d at 627. Thus, summary judgment on causation is improper.

## II.    Cantu's theory of causation comports with Texas law, and this Court's decision cannot be used to demonstrate what a hypothetical jury would have done.

Beck Redden argues that Cantu's theories of causation fail because "it is both impermissibly speculative and violative of judicial policy." Doc. 29 at 11. To support this contention, Beck Redden cites *Colonial Freight Sys. v. Adams & Reese, L.L.P.*, 524 F. App'x 142 (5th Cir. 2013), which held "a plaintiff cannot create a triable issue on loss causation merely by speculating that a jury would have been a more favorable trier of fact than a judge." *Id.* at 144. To reach its conclusion, *Colonial* applied **Louisiana** substantive law on legal malpractice and relied on a footnote stated in dicta by an intermediate Louisiana appellate court. *See id.* (citing *Teague v. St. Paul Fire & Marine Ins. Co.*, 10 So. 3d 806, at 840-42 & n. 32 (La. Ct. App. 2009)). Both

*Colonial* and *Teague* are distinguishable because Texas substantive law applies to this proceeding.

Under Texas law, "legal-malpractice damages are the difference between the result obtained for the client and the result that would have been obtained with competent counsel." *Elizondo v. Krist*, 415 S.W.3d 259, 263 (Tex. 2013). The causation analysis simply "requires a comparison of scenarios: the actual result and the hypothetical result advanced by the plaintiff." *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 681 (Tex. 2017). Under Texas law, "malpractice claims do not always depend on ultimate victories." *Rogers v. Zanetti,* 518 S.W.3d 394, 404 (Tex. 2017). Rather, "the measure of damages is 'the difference between the result obtained for the client and the result that would have been obtained with competent counsel.'" *Id.* (quoting *Elizondo*, 415 S.W.3d at 263). Thus, suit-within-a-suit causation may be demonstrated in several ways depending on the claim being made; "different cases involve different injuries and different causal links." *Id.*

*Colonial* and *Teague* are inconsistent with Texas law on causation. For instance, in *Brown Sims, P.C. v. L.W. Matteson, Inc.*, 594 S.W.3d 573 (Tex. App.— San Antonio 2019, no pet.), the client, who was a defendant in the underlying lawsuit, sued the lawyer for failing to file a special appearance based on lack of minimum contacts with Texas, which allowed the plaintiff to pursue the underlying case in his "forum of choice" and resulted in a large verdict and post-verdict settlement. *Id.* at 577, 581. The client's theory of causation was, in part, "that a reasonable defense attorney would have filed a special appearance, which if upheld, would have resulted

14

in the case being tried or settled outside of Starr County, thus resulting in a lower settlement value or a lower jury verdict." *Id.* at 585. The court of appeals did not reject this theory of causation. *See id.* at 587 n. 8.

Beck Redden quotes *Winstead PC v. USA Lending Grp., Inc.*, 664 S.W.3d 384 (Tex. App.—Tyler 2021) to suggest that "a legal malpractice claimant's 'argument that the forum and the decision-maker are central to the question of whether the alleged malpractice caused harm … has no basis in law or practicality.'" Doc. 29 at 12 (emphasis omitted). But *Winstead* was reversed by the Texas Supreme Court, so Beck Redden's reliance on that case is questionable. *See USA Lending Grp., Inc. v. Winstead PC*, 669 S.W.3d 195, 205 (Tex. 2023). Regardless, the issue in *Winstead* was whether "to succeed on its malpractice claim, [the client] must show that the specific judge presiding over the [underlying case] would have awarded money damages had a request for them been included in the motion for default judgment." 664 S.W.3d at 395. The *Winstead* court rejected that idea, noting that, under Texas law, the client "was under no obligation to present evidence specifically referencing how [the specific judge in the underlying case] would have ruled." *Id.* at 396.

Here, Cantu's theories of causation are not dependent on how a particular judge would have ruled. Rather, with respect to his first theory, Cantu alleges that, had Beck Redden never negligently pled his claims into federal court, the bill of review action would have been successful when tried to a jury in state court. Doc. 1-5 at ¶ 19. Cantu's alternative theory alleges that that, had Beck Redden timely filed his notice of appeal, the appeal had been successful, and Cantu would have had a

**second** opportunity at trial of his bill of review claim before a jury in state court. Doc.
1-5 at ¶ 19. It is the loss of that **second** opportunity which gives rise to Cantu's
damages, not just Cantu's loss of his initial opportunity at a jury trial. *See id.* Thus,
Cantu's theory of causation – loss of a second trial – differs from those theories
asserted in *Colonial* and *Teague,* which complained only of the loss of the initial trial
in a receiving more favorable forum.

Again, "the case-within-a-case analysis requires a comparison of scenarios: the
actual result and the hypothetical result advanced by the plaintiff." *Starwood*, 530
S.W.3d at 681. Beck Redden cannot use this Court's decision on the merits from the
underlying case (the actual result) to demonstrate the hypothetical result because the
decision in the actual case is not indicative of what a reasonable jury would have done
in the hypothetical bill of review case. *See Rogers*, 518 S.W.3d at 408 (noting that a
juror's reservations from the actual case "is no support for an opinion that a
reasonable jury would have credited the testimony of a [witnesses] had it been given
the chance."); *Alexander v. Turtur & Assocs.,* 146 S.W.3d 113, 118-19 (Tex. 2004);
*Silvio*, 2013 Tex. App. LEXIS 14238, at *8 (judgment from underlying case did not
conclusively negate causation). In other words, this Court's judgment from the
underlying case does not have preclusive effect on a subsequent malpractice claim,[2]
especially one rendered without jurisdiction. *See Harrison v. Gemdrill Int'l, Inc.,* 981

---

[2] *Ayre v. J.D. Bucky Allshouse, P.C.*, 942 S.W.2d 24 (Tex. App. – Houston [14th Dist.] 1996, writ denied)
(court's judgment approving settlement did not have preclusive effect on client's claims that lawyer
committed malpractice which led to judgment); *Byrd v. Woodruff*, 891 S.W.2d 689, 699 (Tex. App.—
Dallas 1994, writ dism'd by agr.) (holding that estoppel did not bar subsequent legal malpractice claim
after settlement of personal injury suits because no party litigated a legal malpractice claim in those
suits).

S.W.2d 714, 718 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ("res judicata does not bar a claim if the court rendering judgment in the initial suit lacked subject-matter jurisdiction over the claim."); *Rodriguez v. Womack*, No. 14-10-01213-CV, 2012 Tex. App. LEXIS 49, at *8 (Tex. App.—Houston [14th Dist.] Jan. 5, 2012, pet. denied) (mem. op.) (judgment from court without subject matter jurisdiction could not operate to bar client's malpractice claim).

## CONCLUSION & PRAYER

For these reasons, Beck Redden has failed to negate Cantu's theories of causation, and summary judgment should be denied.[3]

Respectfully submitted,

**THE KASSAB LAW FIRM**

/ s / David Eric Kassab
Lance Christopher Kassab
(Attorney in Charge)
Texas State Bar No. 00794070
Federal Bar No. 433516
lance@kassab.law
David Eric Kassab
Texas State Bar No. 24071351
Federal Bar No. 1561652
david@kassab.law
1214 Elgin Street
Houston, Texas 77004
Telephone: 713-522-7400
Facsimile: 713-522-7410

**ATTORNEYS FOR PLAINTIFF**

---

[3] Cantu also alleges that Beck Redden was negligent in "agreeing to waive [his] right to a jury trial once in federal court." Doc. 1-5 ¶ 18. Beck Redden argues that this claim fails as a matter of law because Cantu was not entitled to a jury trial in federal court on a bill of review claim. Doc. 29 at 12-13. Although Cantu disagrees, that claim of negligence is not central to causation, Cantu need not address that argument.

**CERTIFICATE OF SERVICE**

I certify that on this day this document was served via the CM/ECF system, which will send a notice of electronic filing to all parties requesting and entitled to receive ECF notice.

Dated: October 9, 2023

/ s / David Eric Kassab
David Eric Kassab