# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
December 23, 2024
Lyle W. Cayce
Clerk

No. 24-40275

Mark A. Cantu,

*Plaintiff—Appellant*,

*versus*

Beck Redden L.L.P.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:23-CV-14

_____

Before Jolly, Graves, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Mark A. Cantu lost a lawsuit. He now sues his former counsel, Appellee Beck Redden L.L.P. ("Beck Redden"), for legal malpractice, a state tort claim, in state court. Each is a Texas resident. Beck Redden, however, removed the case to federal court, asserting federal question jurisdiction. The district court ultimately entered judgment on the merits, dismissing Cantu's claims against Beck Redden. Cantu appeals. The issues on Cantu's

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40275

appeal are whether we have federal question jurisdiction to adjudicate the state tort malpractice claim and, if we do, whether the district court properly granted summary judgment. Finding that we lack subject matter jurisdiction under on-point Supreme Court precedent, we do not reach the latter question. The judgment of the district court is therefore REVERSED and VACATED, and the case is REMANDED with instructions to remand to state court, where it properly belongs.

I.

As we have noted, Cantu initially filed this malpractice suit against Beck Redden[1] in Texas state court, alleging legal malpractice. Cantu's complaint alleges, *inter alia*, that Beck Redden committed legal malpractice by framing Cantu's complaint in a manner that allowed federal jurisdiction to be asserted over a state court action.

Beck Redden removed the instant case to federal court. The district court asserted jurisdiction and denied Cantu's motion to remand back to the state court. Later, the district court, finding that the complaint had no merit, granted Beck Redden's motion for summary judgment and dismissed Cantu's malpractice complaint. Cantu now appeals, challenging the district court's assumption of jurisdiction over his malpractice complaint and its grant of summary judgment in favor of Beck Redden.

Thus, the case before us raises the question of whether the district court had federal question jurisdiction.

---

[1] Both Cantu and Beck Redden are Texas residents and do not contend that diversity jurisdiction is proper.

2

No. 24-40275

## II.

The district court found federal question jurisdiction, applying the four-part test laid out in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). It found that the case presents a disputed, substantial question of federal law that Cantu has necessarily raised and that the question is capable of resolution in a federal court without disrupting the federal-state balance of power.

The precise question before us now is whether the district court correctly applied *Grable* to find federal jurisdiction on a legal malpractice claim based on state law with non-diverse parties. Beck Redden argues that the Texas legal malpractice claim requires Cantu to prove that the underlying federal judgment is actually erroneous; and thus, by attacking the federal judgment, the legal malpractice claim "arises under" federal law.[2] Cantu argues that Beck Redden's argument fails because, to the extent that a federal question is presented under Beck Redden's theory, it is not substantial.

We review a district court's jurisdiction de novo. *See Singh v. Duane Morris LLP*, 538 F.3d 334, 337 (5th Cir. 2008).

## III.

Congress authorized federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Usually, a case arises under federal law where a plaintiff asserts an explicit federal cause of action. But there is an exception to this rule. Where a claim "finds its origins in state rather than federal law . . . [the Supreme Court has] identified a special and

---

[2] Here, Beck Redden suggests that Cantu must prove that the prior federal judgment, which asserts federal jurisdiction, is erroneous and rests on a misapplication of federal law.

3

Case 3:23-cv-00274 Document 464-2 Filed 04/29/25 in TXSD Page 4 of 5
Case: 24-40275 Document: 164-2 Page: 4 Date Filed: 01/29/2025

No. 24-40275

small category of cases in which arising under jurisdiction still lies." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quotation marks omitted). In such cases, the Supreme Court laid out a four-part test in *Grable* for determining whether a state law claim "arises under" federal law: "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (citing *Grable*, 545 U.S. at 313–14).[3] All four factors must be present for federal question jurisdiction to exist. *Id.* ("Where all four of these requirements are met . . . jurisdiction is proper.").

In *Gunn*, the Supreme Court applied *Grable* to a Texas state legal malpractice claim. *Gunn* found that the state legal malpractice claim did not "arise under" federal law because it failed to raise a substantial federal question. *Id.* at 260–64.

This case presents no material difference from the facts presented in *Gunn*. As in *Gunn*, the third factor is not satisfied here because this legal malpractice claim under state law does not raise a substantial federal question.[4] For a state law claim to present a substantial federal question under *Grable*, the claim must implicate "the importance of the issue to the federal system as a whole." *Id.* at 260. Unlike cases in which the government has a "direct interest in the availability of a federal forum to vindicate its own administrative action" or where "the decision depends upon the

---

[3] The parties also brief *Link Motion Inc. v. DLA Piper LLP*, 103 F.4th 905 (2d Cir. 2024). Because *Gunn* is binding, we need not address the persuasiveness of an out-of-circuit case. And even if *Link* were controlling, it would support our conclusion. *See id.* at 913–17 (substantiality).

[4] Because all four *Grable* factors must be present for federal question jurisdiction to exist, the lack of one factor is dispositive. Thus, we only hold that this case does not present a substantial federal question.

No. 24-40275

determination of the constitutional validity of an act of Congress which is directly drawn in question," run of the mill state legal malpractice claims, as here, do not raise a federal issue of "such significance." *Id.* at 260–61 (quotation makes omitted). In other words, the state court can undertake the analysis necessary to resolve Cantu's state tort claims against Beck Redden without raising a substantial federal question. To the extent that Beck Redden advances uniformity[5] and preclusion[6] arguments, they are foreclosed under *Gunn*.

Accordingly, Beck Redden fails to satisfy the third factor here because the federal issue is not substantial under *Gunn*.

## IV.

In sum, we hold that Cantu's state-law legal malpractice claim does not arise under federal law because it fails to raise a substantial federal question, and accordingly, Beck Redden fails to establish federal jurisdiction. Accordingly, the judgment of the district court is REVERSED and VACATED with instructions to remand to the state court.

REVERSED, VACATED, and REMANDED with instructions.

_____

[5] Where a novel issue is raised before the state court, *Gunn* rejected substantiality because "[i]f the question arises frequently, it will soon be resolved within the federal system, laying to rest any contrary state court precedent; if it does not arise frequently, it is unlikely to implicate substantial federal interests." *Id.* at 262.

[6] *Gunn* flatly rejected this argument, noting that even if preclusion existed in some cases, it "would be limited to the parties and [issues] that had been before the state court." *Id.* at 263.